UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANGELA CISCO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:11 CV 295 RWS |
| v. ) | |
| ) | |
| ROBERT MULLIKIN, JR, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before me on Defendant FedEx Ground Package System, Inc.'s ("FedEx") Motion to Dismiss and Motion to Strike [#8].

Plaintiff Angela Cisco brought this lawsuit against Defendant Robert Mullikin, Jr. and FedEx after a vehicle allegedly owned by FedEx and operated by Mullikin collided with a vehicle Cisco was operating. Cisco alleges Mullikin was employed by FedEx at the time of the accident. FedEx argues Cisco's Complaint should be struck for failing to comply with the pleading standards of Rule 8 and argues that her negligence claims must be dismissed. For the reasons stated below, I will deny FedEx's Motion.

**Background**

Cisco alleges that on April 8, 2010 Mullikin operated a vehicle owned by FedEx that collided with Cisco while she attempted to change lanes of Interstate 55. Cisco argues that Mullikin was employed by FedEx at the time of the accident. This case was initially filed in the Twenty-Third Judicial Circuit, Jefferson County, Missouri and was removed by Defendants on the basis of diversity jurisdiction.

**Legal Standard**

Rule 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are viewed with disfavor and are infrequently granted. Lunsford v. United States, 570 F.2d 221, 229 (8th Cir. 1977).

When ruling upon a motion to dismiss under Fed. R. Civ. P. 12(b)(6), I must accept as true all factual allegations in the complaint and view them in the light most favorable to the Plaintiff. Fed. R. Civ. P. 12(b)(6); Erickson v. Pardus, 551 U.S. 89, 94 (2007). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Romine v. Acxiom Corp., 296 F.3d 701, 711 (8th Cir.2002).

**Discussion**

In its Motion, FedEx argues that I should strike Cisco's Complaint for failing to comply with Federal Rule of Civil Procedure 8. FedEx argues the Complaint includes 45 paragraphs and that some of the paragraphs are "redundant, duplictive and evidentiary in nature.[1] "After removal, repleading is unnecessary unless the court orders it." Fed. R. Civ. P. 81(c). FedEx has not filed a reply brief and did not argue in its Motion that the Complaint failed to comply with the pleading rules for the jurisdiction in which it was initial filed. I find that FedEx has failed to

---

[1] FedEx failed to attach a memorandum in support of its motion as required by E.D.Mo. L.R.4.01(A).

establish that repleading of the Complaint is necessary and, as a result, will deny its motion.

FedEx also argues that the negligence claims Cisco asserts against it must be dismissed. FedEx argues that under Missouri law, where an agency relationship is admitted, a claimant cannot pursue claims for negligent entrustment or negligent hiring. In its Motion, FedEx asserts that it "admits for the purpose of this [motion], that at the time of the alleged accident, [Mullikin] was operating the [vehicle] within the course and scope of an agency relationship with [FedEx]."

FedEx's argument is misplaced or, at best, premature because FedEx has not properly admitted an agency relationship existed between FedEx and Mullikin. While it is true that a party may only file a 12(b)(6) motion prior to filing a responsive pleading, Fed. R. Civ. P. 12(b), it is in a responsive pleading that a party must "admit or deny the allegations asserted against it." Fed. R. Civ. P. 8(b)(1)(B). At this time FedEx has not filed a responsive pleading admitting the agency relationship.[2] Because FedEx has not properly admitted to an agency relationship in a responsive pleading, I cannot conclude that Cisco has stated claims for which relief cannot be granted. As a result, I will deny FedEx's motion without prejudice.

Accordingly,

**IT IS HEREBY ORDERED that** Defendants' Motion to Dismiss and Strike [#8] is **DENIED** without prejudice.

                                                     _/s/ Rodney W. Sippel_
                                                    RODNEY W. SIPPEL
                                                    UNITED STATES DISTRICT JUDGE

Dated this 9th day of June, 2011.

---

[2] FedEx improperly refers to its motion to dismiss as a pleading. Fed. R. C. P. 7(a).