UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANGELA CISCO, | ) |
| | ) |
| Plaintiff, | ) |
| | )   Case No. 4:11 CV 295 RWS |
| v. | ) |
| | ) |
| ROBERT MULLIKIN, JR, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Plaintiff Angela Cisco brought this lawsuit against Defendants after a vehicle allegedly owned by FedEx and Fowles Investment and operated by Robert Mullikin, Jr. collided with a vehicle Cisco was operating. Defendants have filed multiple motions to dismiss several of Cisco's claims. For the reasons stated below, Defendants' motions will be granted in part and denied in part.

**I.     Background**

Cisco alleges that on April 8, 2010, Defendant Robert Mullikin, Jr. was operating a tractor-trailer on Interstate 55 that collided with the rear of the vehicle Cisco was operating. Cisco alternatively alleges Defendant Stephanie Mullikin was driving the tractor-trailer that collided with her. In their Answers, FedEx and Fowles Investments admit that Robert Mullikin, Jr. was working within the course and scope of his employment for FedEx and Fowles Investments.

**II.    Legal Standard**

When ruling upon a motion to dismiss under Fed. R. Civ. P. 12(b)(6), I must accept as true all factual allegations in the complaint and view them in the light most favorable to the

Plaintiff. Fed. R. Civ. P. 12(b)(6); Erickson v. Pardus, 551 U.S. 89, 94 (2007). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Romine v. Acxiom Corp., 296 F.3d 701, 711 (8th Cir.2002).

**III.     Discussion**

    **A.     Negligent Hiring, Entrustment, Supervision and Training**

Cisco asserts claims of negligent hiring, entrustment, training and supervision against Fowles Investments and FedEx in Counts III and V, respectively. Fowles Investments and FedEx argue that based on the holding of McHaffie v. Bunch, Cisco's Complaint cannot allege that Fowles Investments and FedEx are liable under a theory of respondeat superior and a theory of negligent hiring, entrustment, supervision and training. McHaffie v. Bunch, 891 S.W.2d22 (Mo. 1995). In McHaffie, the Missouri Supreme Court held that "once the agency relationship was admitted, it was error to permit a separate assessment of fault to defendant [] based upon the negligent entrustment or negligent hiring theories of liability. It was also error to submit evidence on those theories." Id. at 827. The holding in McHaffie does not prevent Cisco from alleging negligent hiring, entrustment, training and supervision claims.

At this point in litigation, Cisco is not seeking to submit evidence on two inconsistent theories, but merely pleading alternative theories of relief. "A party may state as many separate claims...as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(3). As a result, FedEx and Fowles Investment's Motions to Dismiss will be denied to the extent they seek to dismiss Cisco's negligent hiring, entrustment, supervision, and training claims.

### B.       Negligence Per Se

Cisco asserts *negligence per se* claims against Defendants FedEx (Count X), Douglas Fowles (Count IX), Stephanie Mullikin (Count VII), and Fowles Investments (Count VIII) under MO. REV. STAT. §§ 304.012 and 304.014 and Federal Motor Carrier Safety Regulations.  Each Defendant seeks the dismissal of Cisco's *negligence per se* claims, arguing she fails to set forth a recognized claim for *negligence per se* under Missouri law.

"*Negligence per se* arises where the legislature pronounces in a statute what the conduct of a reasonable person must be, whether or not the common law would require similar conduct, and the court then adopts the statutory standard of care to define the standard of conduct of reasonable person."  Lowdermilk v. Vescovo Building and Realty Co., Inc., 91 S.W.3d 617, 628 (Mo. App. Ed., 2002).  *Negligence per se* results from the violation of a statute and the jury is instructed on the statutory standard of care instead of the care of the reasonable person. Id.

Cisco asserts *negligence per se* claims for violations of RSMO Sections 304.012 and 304.014.  While proof of a statutory traffic violation has consistently been held to be *negligence per se*, Cowell v. Thompson, 713 S.W.3d 52, 54 (Mo. App. E.D. 1986), the Missouri statutes Cisco relies on do not set out a statutory standard of care.  Section 304.012 provides that "[e]very person operating a motor vehicle on the roads and highways of this state shall drive the vehicle in a careful and prudent manner and at a rate of speed so as not to endanger the property of another or the life or limb of any person and shall exercise the highest degree of care."  Mo. Rev. Stat. §§ 304.012.  Missouri Courts have determined that "[t]he highest degree of care is defined as that degree of care that a very careful person would use under the same or similar circumstances."

Bellamy v. Law, No. 08-06023-CV-SJ-GAF, 2009 WL 1508765, at *6 (W.D. Mo. May 27, 2009) (quoting Crane v. Drake, 961 S.W.2d 897, 901 (Mo.Ct.App.1998). Similarly, Section 304.014 provides that "[e]very person operating or driving a vehicle upon the highways of this state shall observe and comply with the following rules of the road." Mo. Rev. Stat. §§ 304.014.

By way of comparison, Section 304.015 may properly be submitted under a *negligence per se* theory because it indicates specific conduct that violates the statute because it prohibits driving on the wrong side of the road. MO. REV. STAT. §§ 304.015 (indicating "[a]ll vehicles not in motion shall be placed with their right side as near the right-hand side of the highway as practicable.")

Cisco has not cited a single Missouri case where a plaintiff pursued a *negligence per se* theory for either Section 304.012 or 304.012.  Neither of these statutes sets out a statutory standard of care and, as a result, Cisco's *negligence per se* claims for violations of Section 304.012 and 304.014 will be dismissed.

Cisco also asserts *negligence per se* causes of action for Defendants' alleged violation of several provisions of Title 49 of the Code of Federal Regulations.  Cisco asserts violations of 49 C.F.R. part 390, 49 C.F.R. § 390.3(e)(1), 49 C.F.R. § 396.7(a), 49 C.F.R. §392.3, 49 C.F.R. part 395, and 49 C.F.R. §376.12(c).  Defendants argue each these claims must be dismissed.

Cisco's claims for *negligence per se* for violations of 49 C.F.R. part 390 and 49 C.F.R. part 395 will be dismissed because she does not allege the violation of a specific regulation. Instead, 49 C.F.R. part 390 and 49 C.F.R. part 395 refer to entire parts of the Federal Motor Carrier Safety Regulations.

Cisco's asserts *negligence per se* claims against all Defendants for violations of 49 C.F.R.

§390.3(e)(1), 49 C.F.R. 392.3, and 49 C.S.R. 396.7(a).  Section 390.3(e)(1) requires all employers, employees, and commercial motor vehicles, which transport property or passengers in interstate commerce to be "knowledgeable of and comply with all regulations contained in this subchapter which are applicable to that motor carrier's operations." Section 396.7(a) prohibits operating a vehicle "in such a condition as to likely cause an accident or a breakdown of the vehicle."  Section 392.3 provides that "no driver shall operate a commercial motor vehicle, and a motor carrier shall not require or permit a driver to operate a commercial motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle."  Cisco's per se negligence claims for violations of these regulations will be dismissed because the regulations relied on fail to set out a statutory standard of care as required to assert a claim of *negligence per se.*

 Finally, Cisco asserts claims of *negligence per se* against all Defendants for violation of 49 C.F.R. 376.12(c). Part 376 sets out leasing regulations.  Section 376.12(c) indicates "[t]he lease shall provide that the authorized carrier lessee shall have exclusive possession, control, and use of the equipment for the duration of the lease."  In their Reply, Defendants argue that Cisco fails to assert any facts to support a claim for negligence regarding leasing provisions. Defendants did not assert this basis for dismissal in their Motions and Cisco has not filed a Response to this particular argument.  As a result, I will deny Defendants' Motions to Dismiss without prejudice regarding Cisco's claims for *negligence per se* for violations of 49 C.F.R. 376.12(c)and will dismiss the claims in subsections (a) through (e) in Counts VI, VII, VIII, IX, and X.

Accordingly,

**IT IS HEREBY ORDERED that** Defendants Motions to Dismiss [#27, 28, 30, 31 and 33] are **GRANTED in part and DENIED in part** as stated above.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 21st day of February, 2012.