UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANGELA CISCO, | ) |
| Plaintiff, | ) |
| | ) Case No. 4:11 CV 295 RWS |
| v. | ) |
| ROBERT MULLIKIN, JR, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff Angela Cisco brought this lawsuit against Defendants after a vehicle allegedly owned by FedEx and Fowles Investment and operated by Robert Mullikin, Jr. collided with a vehicle Cisco was operating. Defendants have previously filed multiple motions to dismiss several of Cisco's claims. In this renewed motion to dismiss, Defendants seek to dismiss Cisco's *negligence per se* claim for violation of a leasing regulation. For the reasons stated below, Defendants' motion will be granted.

**I.     Background**

Cisco alleges that on April 8, 2010, Defendant Robert Mullikin, Jr. was operating a tractor-trailer on Interstate 55 that collided with the rear of the vehicle Cisco was operating. Cisco alternatively alleges Defendant Stephanie Mullikin was driving the tractor-trailer that collided with her. In their Answers, FedEx and Fowles Investments admit that Robert Mullikin, Jr. was working within the course and scope of his employment for FedEx and Fowles Investments.

**II.    Legal Standard**

When ruling upon a motion to dismiss under Fed. R. Civ. P. 12(b)(6), I must accept as

true all factual allegations in the complaint and view them in the light most favorable to the Plaintiff. Fed. R. Civ. P. 12(b)(6); Erickson v. Pardus, 551 U.S. 89, 94 (2007). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Romine v. Acxiom Corp., 296 F.3d 701, 711 (8th Cir.2002).

**III.   Discussion**

Cisco asserts a *negligence per se* claim against Defendants Robert Mullikin, Jr. (Count VI), Stephanie Mullikin (Count VII), Fowles Investment (Count VIII), Douglas Fowles (Count IX), and FedEx (Count X) under Part 376.12(c) of Title 49 of the Code of Federal Regulations. Defendants jointly seek the dismissal of Cisco's *negligence per se* claim, arguing it fails to set forth a recognized claim under Missouri law and because she fails to assert any facts in support of the claim in her Amended Complaint.

"*Negligence per se* arises where the legislature pronounces in a statute what the conduct of a reasonable person must be, whether or not the common law would require similar conduct, and the court then adopts the statutory standard of care to define the standard of conduct of reasonable person." Lowdermilk v. Vescovo Building and Realty Co., Inc., 91 S.W.3d 617, 628 (Mo. App. Ed., 2002). Ordinarily, a cause of action for *negligence per se* arises from the violation of a safety statute in cases involving personal injury or physical injury to property. Id. "*Negligence per se* is in effect a presumption that one who has violated a safety statute has violated his legal duty to use due care." Id. "[W]hether a violation of a statute may constitute

*negligence per se* depends on legislative intent." Id. at 629.

Cisco asserts *negligence per se* claims for violations of 49 C.F.R. 376.12(c). Part 376 sets out leasing regulations and Part 376.12(c)(1) specifically indicates that certain types of leases "shall provide that the authorized carrier lessee shall have exclusive possession, control, and use of the equipment for the duration of the lease. The lease shall further provide that the authorized carrier lessee shall assume complete responsibility for the operation of the equipment for the duration of the lease."

Cisco's claims for violation of Part 376.12(c)(1) will be dismissed because it is not a statute that can support a *negligence per se* cause of action. First, Part 376 is not the type of safety statute upon which a *negligence per se* claim is traditionally based. Instead, it requires certain leases to indicate a lessee assumes complete responsibility for the operation of leased equipment. Second, the legislative intent behind Part 376 was not to establish a statutory duty of care. Instead, the United States Supreme Court has indicated the "significant aims and guideposts in the development of the comprehensive rules" was to fix "financial responsibility for damage and injuries to shippers and members of the public." Transamerican Freight Lines, Inc. v. Brada Miller Freight Systems, Inc., 423 U.S. 2d 28, 35 (1975). As a result, subsection (f) of Counts VI, VII, VIII, IX and X will be dismissed.

Alternatively, even if Part 376.12(c) could support such a claim, Cisco fails to assert any facts in her Amended Complaint to state a claim to relief that is plausible on its face. Indeed, in addressing this argument in her Response, Cisco merely argues that "her allegations...are clear" and fails to point to any facts that can be taken as true that make the alleged claim to relief plausible. For the reasons stated above, Defendants' motion will be granted.

Accordingly,

**IT IS HEREBY ORDERED that** Defendants' Joint Motion to Dismiss [#63] is **GRANTED** as stated above.

                                                          RODNEY W. SIPPEL
                                                          UNITED STATES DISTRICT JUDGE

Dated this 2nd day of May, 2012.